**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| STUART A. WEINSTEIN-BACAL,<br><br>    Plaintiff,<br><br>       v.<br><br>FREDERICK WENDT-HUGHES, ET ALS.,<br><br>    Defendants. | CIV. NO. 10-1750 (PG) |

**OPINION AND ORDER**

Before the Court are co-defendants Juan Piza Blondet ("Piza"), and La Julia Development, Inc.'s ("La Julia") motion to dismiss (Docket No. 70) wherein they request the dismissal of the present action on the grounds that the plaintiff failed to join an indispensable party, namely, Word Processing Centers, Inc. ("WPC"), to the instant action. Plaintiff opposed this request. See Docket No. 86. After considering the pleadings, the arguments set forth in the parties' motions, and the applicable law, the Court hereby **DENIES** the motion to dismiss (Docket No. 70).

**I. BACKGROUND**

On August 3, 2010, attorney Stuart A. Weinstein-Bacal ("Weinstein" or "Plaintiff") filed the instant claim for damages against defendants Frederick Wendt-Hughes ("Wendt"), his wife Alice Wendt ("Mrs. Wendt"), the Conjugal Partnership Wendt-Wendt, La Julia Development ("La Julia"), TSH Corporation ("TSH"), and other unknown defendants invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. See Docket No. 1. Essentially, Plaintiff alleges that the events that bring about the present claim stem from Wendt's Chapter 11 bankruptcy proceedings, wherein attorney Weinstein represented the Wendts and a closely-held corporation by the name of Word Processing Center, Inc. ("WPC"). In said proceedings, the bankruptcy court approved a plan of reorganization that included the payment of $72,790.83 in attorney fees to be made upon the sale of a real-estate property in the Las Olas Condominium in Condado, Puerto Rico. Subsequent to the discharge of the debtors in bankruptcy court, Plaintiff alleges that the Wendts sold the Las Olas property without notice and did not pay the attorney fees owed to Plaintiff. As a result, Weinstein sued the Wendts and WPC before the local

CIV. NO. 10-1750 (PG)                                                    Page 2

courts, and in 2001, obtained a judgment in his favor for $72,790.83 plus interest.

Plaintiff now claims, however, that in order to avoid paying the fees owed, co-defendant Wendt filed for personal bankruptcy on at least three (3) occasions after the local court judgment was issued. Following the dismissal of the bankruptcy cases, on May 2, 2006, the local court issued an embargo order seizing all of the Wendts' shares of WPC. This order was notified to the parties on May 8, 2006. The Plaintiff alleges that at the time of the embargo order, WPC's only asset was a property on the first floor of a building located at 103 University Avenue in Rio Piedras, Puerto Rico ("University Avenue Property"). In accordance with the embargo order, the Plaintiff recorded a preventive entry with the Property Registrar in the amount of the attorney fees owed, and Mr. Wendt's shares of WPC were seized. Thereafter, on September 10, 2006, a lawfully conducted auction took place and the shares of WPC stock were adjudicated to Plaintiff.

However, on May 24, 2006, Mr. Wendt, appearing as president of WPC, sold the University Avenue Property to a company by the name of La Julia, represented by Juan Piza, in a deed of sale prepared by attorney and notary public Rafael J. Baragaño, who is now deceased. Although attorney Baragaño allegedly warned the parties in the deed that the property in question was subject to a lien in favor of Weinstein, both Piza and Wendt represented that the debt had been satisfied prior to the execution of the deed. However, the Plaintiff now claims this information was false. In addition, the Plaintiff now complains that he was never provided a notice of the intended sale of the property and alleges the transaction was made with the purpose to defraud him inasmuch as Wendt and La Julia are alter egos.

Weinstein now requests that this Court declare the sale of the University Avenue Property to La Julia null and void *ab initio* and order the Property Registrar of the Commonwealth of Puerto Rico to cancel the registration of the transfer. In addition, the Plaintiff now requests that this Court order defendant Mr. Wendt, his alter egos and/or La Julia to cease and desist from interfering with the use and enjoyment of the property in question; order Wendt to pay Plaintiff the sum of $400,000 for the rent received as a result of the fraudulent sale; and order all defendants to pay Plaintiff the sum of $500,000 in damages. See Docket No. 1.

Procedurally speaking, after the failure of most defendants to comply with court-imposed orders and/or statutory deadlines in the case at hand, on

CIV. NO. 10-1750 (PG)                                                    Page 3

June 6, 2011, the Court ordered the entry of default against La Julia, see Dockets No. 43-44, and on September 12, 2011, the same was ordered against co-defendants TSH Corporation, Alice Wendt, Frederick Wendt-Hughes and Conjugal Partnership Wendt-Wendt, see Docket No. 78-79. The only co-defendant not in default is Mr. Juan Piza.

## II. DISCUSSION

In his motion, Mr. Piza moves for dismissal claiming that Plaintiff failed to comply with Rule 19(c), which states that "[w]hen asserting a claim for relief, a party must state: (1) the name, if known, of any person who is required to be joined if feasible but is not joined; and (2) the reasons for not joining that person." FED.R.CIV.P. 19(c). Co-defendant Piza contends that Plaintiff should have included WPC as a party in this case because it was the corporation that entered into the allegedly fraudulent asset-sale transaction with La Julia, a sale which the Plaintiff now seeks to declare null and void. See Docket No. 70. Piza now argues in favor of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7) in light of Weinstein's failure to include WPC as a party and/or explain the reasons for not joining it. Id. Plaintiff, on the other hand, opposed the motion to dismiss arguing the WPC is neither an indispensable or necessary party as complete relief can be granted in its absence and WPC does not have any interest to protect. He additionally argues that Piza failed to specify which causes of action set forth by Plaintiff in the complaint should be dismissed as a result of WPC's absence; that the motion is vague; that, as master of his complaint, Plaintiff can choose the parties from which he wants to recover; and, that as owner of 100% of the equity interest in WPC, he does not have any interest in asserting any claims against WPC. See Docket No. 86.

Rule 19(a)(1) defines a "required party" as one in whose absence "the court cannot accord complete relief among existing parties," FED.R.CIV.P. 19(a)(1), or one that is "so situated that disposing of the action in the person's absence may … leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Id. "When joinder is not feasible, the court must then decide whether, 'in equity and good conscience,' the action should continue with the existing parties or be dismissed." Advanced Cardiology Center Corp. v. Rodriguez, 675 F.Supp.2d 245, 250 (D.P.R. 2009) (citing FED.R.CIV.P. 19(b)).

CIV. NO. 10-1750 (PG)                                                    Page 4

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a defendant may move to dismiss a claim for failure to join a party under Rule 19. "Although the First Circuit has yet to explicitly state who carries the burden on a Rule 12(b)(7) motion, those courts of appeals that have addressed the issue all lay the burden upon the defendant. … We adopt this standard as our own." Id. (citing Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir.2005); Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier, 17 F.3d 1292, 1293 (10th Cir.1994); Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l Bank, 659 F.2d 234, 242 (D.C.Cir.1981); Colón v. Blades, 570 F.Supp.2d 204 (D.P.R.2008)). Therefore, compulsory joinder or dismissal for failure to join an indispensable party will only be ordered "where the movant has carried the burden of producing evidence which shows the nature of the interest possessed by the absentee and that the protection of that interest will be impaired by the absence." Colon v. Blades, 570 F.Supp.2d 204, 209 (D.P.R. 2008) (citing Cook Stratton & Co. v. Universal Ins. Group, Inc., 241 F.R.D. 411, 418 (D.P.R.2007)). "To meet this burden, the movant may submit affidavits or other relevant evidence." Blades, 570 F.Supp.2d at 209 (internal citations omitted).

Other than citing the contents of Rule 12(b)(7) and Rule 19, the co-defendant grounds its motion to dismiss stating that "[t]he First Circuit has adopted the rule that a corporation may not pierce its own veil or apply the alter ego doctrine for its own benefit. … This rule applies with equal force to a corporation seeking to pierce its own veil in order to create diversity jurisdiction." See Docket No. 70 at page 4-5. Piza made reference to a First Circuit Court of Appeals case, namely, McCarthy v. Azure, 22 F.3d 351 (1st Cir.1994), but does not clearly argue its application to the matter at hand.

Considering the defendant carries the burden of proof, the Court finds that co-defendant Piza failed to properly expound its idea of an argument in favor of dismissal for the benefit of the Court. The First Circuit has recently stated that courts may "consider waived arguments confusingly constructed and lacking in coherence. … Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." Rodriguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir.2011) (internal citations omitted). Having failed to put this Court in a position to consider his arguments, the Court has no other choice but to disregard them.

Moreover, co-defendant Piza failed to develop what should have been the main grounds of his motion, specifically, the elements set forth in Rule 19

CIV. NO. 10-1750 (PG)                                                    Page 5

which, according to him, render WPC a necessary party in the instant case. Other than stating the fact that WPC was the entity that entered into the University Avenue Property sale transaction with La Julia, Piza does not explain to the Court how, in WPC's absence, the court cannot accord complete relief among the existing parties. Nor does he explain how the failure to join WPC leaves it subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of WPC's interest in the litigation. See FED.R.CIV.P. 19. At any rate, in their response, the Plaintiff satisfactorily explained the reasons for not joining WPC as a party, in particular, the fact that Plaintiff is now the owner of 100% of the equity interest in WPC, and thus, it has no interest in including it as a party.[1]

Therefore, not having carried his burden in demonstrating that WPC's joinder is necessary for us to afford complete relief, and not having shown that inconsistent obligations or other such prejudice to defendants will result from the absence of WPC, the motion to dismiss (Docket No. 70) is hereby **DENIED.**

### III. CONCLUSION

For the reasons stated above, this Court thus **DENIES** the movants' motion to dismiss (Docket No. 70) the Plaintiff's claims.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, February 15, 2012.

                                              S/ JUAN M. PEREZ-GIMENEZ
                                              JUAN M. PEREZ-GIMENEZ
                                              U.S. DISTRICT JUDGE

---

[1] To the extent any other reason is grounded on exhibits in the Spanish language, the same shall not be considered.